J-S58033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD FORMICA | |
| Appellant | No. 524 MDA 2015 |

Appeal from the Judgment of Sentence February 17, 2015
In the Court of Common Pleas of Lancaster County
Civil Division at No(s): CI-14-04906; ICC-15-0003

BEFORE: GANTMAN, P.J., OLSON, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:           **FILED OCTOBER 15, 2015**

Appellant, Richard Formica, appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas, following his bench trial conviction of indirect criminal contempt.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

> WAS THE EVIDENCE PRESENTED BY THE COMMONWEALTH
> INSUFFICIENT TO PROVE BEYOND A REASONABLE DOUBT
> THAT [APPELLANT] WAS GUILTY OF INDIRECT CRIMINAL
> CONTEMPT WHERE [APPELLANT'S] MOUTHING OF

_____

[1] 23 Pa.C.S.A. § 6114(a).

_____

*Retired Senior Judge assigned to the Superior Court.

> INAUDIBLE WORDS DURING A COURT PROCEEDING WAS
> *DE MINIMIS*, NON-THREATENING AND DONE WITHOUT
> THE REQUIRED WRONGFUL INTENT?

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Merrill M. Spahn, Jr., we conclude Appellant's issue merits no relief. The trial court's opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed May 21, 2015, at 6-8) (finding: Appellant had been advised of Protection from Abuse order and had requirements thoroughly explained to him; despite order not to interact with victim, Appellant looked at victim and directed comments at her at January 7, 2015 hearing; victim testified at January 27, 2015 hearing that Appellant stared at her at January 7, 2015 hearing and whispered words that sounded like "fuck you," and that Appellant's comments caused victim extreme concern because Appellant "scares [victim] to death"; Officer Joel Ayers testified at January 27, 2015 hearing that he observed Appellant look at victim during January 7, 2015 hearing and mouth something inaudible such as "why" or "what," which caused victim to become distraught and to start physically shaking and trembling; despite inconsistency in testimony as to Appellant's exact words, there is no doubt Appellant stared at victim and said something that immediately made victim anxious and fearful; Appellant's comments served no legitimate purpose and, given history

between Appellant and victim, were threatening or intimidating in nature;

**Commonwealth v. Haigh** is factually distinguishable because infraction in

**Haigh** was *de minimis* and non-threatening in nature and was insufficient to

establish any wrongful intent by defendant; conversely, Appellant's

comments were made to influence victim, intimidate her, or blame her for

circumstances in which Appellant found himself as result of his actions;

based upon totality of circumstances and credibility of witnesses, Appellant's

comments and actions were volitional in nature and made with wrongful

intent, which is sufficient to sustain conviction for indirect criminal

contempt).[2]  The record supports the trial court's decision; therefore, we

have no reason to disturb it.  Accordingly, we affirm on the basis of the trial

court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/15/2015

---

[2] The following errors appear in the trial court's opinion:
(a)    page 5, paragraph 3, lines 2-3, **Commonwealth v. Haigh**, 874 A.2d 1174 (Pa.Super. 2013) should be (Pa.Super. 2005);
(b)    page 8, paragraph 3, line 2, **Estepp**, 17 A.3d at 934-44 should be at 944.



IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| | : | |
| vs. | : | No. CI-14-04906 (PFA #) |
| | : | |
| RICHARD FORMICA | : | Ref. No. 15-0003 (ICC) |
| (also captioned Daphne Myers v. Richard | : | |
| Formica) | : | |

## PA R.A.P. 1925 OPINION

BY SPAHN, JR., J.

Following hearings held on January 27, 2015 and February 17, 2015, this court found

Richard Formica (hereinafter, "Defendant") guilty on one count of Indirect Criminal Contempt

(hereinafter, ICC"), for inappropriate commentary directed to plaintiff in violation of a

Protection From Abuse (hereinafter, "PFA") Order issued against Defendant. (Notes of

Testimony, 1/27/15, at 10, 17-18) (hereinafter, "N.T., 1/27/15").

Defendant was subsequently sentenced to serve a period of incarceration in the Lancaster

County Prison of time served to be followed by four months of consecutive probation. (N.T.,

2/17/15, at 9).

On March 19, 2015, Defendant filed a timely Notice of Appeal from the judgment of

sentence imposed on February 17, 2015. On March 20, 2015, Defendant was directed to file a

Statement of Matters Complaint of on Appeal pursuant to Rule 1925(b) of the Pennsylvania

Rules of Appellate Procedure.

On April 10, 2015, Defendant timely filed a Statement of Errors Complaint of on Appeal,

asserting a single allegation of error. *See* Statement of Errors Complained of on Appeal.

30

Defendant asserts the following:

> [t]he evidence presented by the Commonwealth was insufficient to prove beyond a reasonable doubt that Mr. Formica was guilty of Indirect Criminal Contempt. The Defendant's conduct of mouthing inaudible words during a court proceeding was de minimis, non-threatening and done without the required wrongful intent.

*Id.*

This opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

## BACKGROUND

On May 30, 2014, the plaintiff obtained a Temporary PFA Order against Defendant. *See* Temporary Protection From Abuse Order. Defendant was personally served with the Temporary Protection From Abuse Order on June 3, 2014 by members of the Lancaster County Sheriff's Department. *See* Sheriff Return of Service, dated June 3, 2014.

On November 19, 2014, following an evidentiary hearing, the court entered a Final PFA Order against Defendant for a period of eighteen (18) months. *See* Final PFA Order. On December 29, 2014, Defendant was arrested on a charge of Indirect Criminal Contempt, which is unrelated to the current such charge, by Officer Joel J. Ayers of the Manheim Township Police Department. Said charges are reflected by means of a Criminal Complaint, which was filed on December 30, 2014 and later referenced at No. 14-0168. At the time of Defendant's arrest on December 29, 2014, Defendant was advised by Officer Ayers as to the existence of the Final PFA Order and the contents thereof. Officer Ayers verbally read the Final PFA Order to Defendant and provided Defendant with a written copy of the complete Final PFA Order. (N.T., 1/27/15, p. 6-9)

2

On January 7, 2015, a hearing commenced on the unrelated Indirect Criminal Contempt charge. Said hearing was continued by agreement of the parties. While the parties were in the courtroom relative to the unrelated Indirect Criminal Contempt, referenced at No. 14-0168, the actions which give rise to the instant charge of Indirect Criminal Contempt allegedly occurred.

On January 13, 2015, the instant Indirect Criminal Contempt charge, referenced at No. 15-0003, was instituted by the filing of a Criminal Complaint by Sergeant Christopher Leppler of the Lancaster County Sheriff's Department alleging that the defendant had violated the Final PFA Order for inappropriate commentary directed to the plaintiff during the hearing before the Court on January 7, 2015.

On January 14, 2015, an evidentiary hearing was conducted before the Honorable Leonard G. Brown, III. of the Lancaster County Court of Common Pleas relative to the unrelated Indirect Criminal Contempt charge, referenced at No. 14-0168. At the conclusion of the hearing, the court found the defendant not guilty of said offense, although the court administratively recorded such verdict on an incorrect docketing form. By Order dated February 11, 2015, the court modified its previous Order so as to correct the reference number of the Not Guilty finding.

On January 27, 2015, an evidentiary hearing was conducted on the instant Indirect Criminal Contempt, referenced at No. 15-0003. At the conclusion of the hearing, the court ordered the parties to submit any factual and legal arguments by way of written briefs. On February 17, 2015, after consideration of briefs submitted by the parties, the court reconvened the hearing in the instant matter, indicated the reasons for its decision on the record, found the defendant guilty of the instant charge of Indirect Criminal Contempt referenced at No. 15-0003, and sentenced the defendant as follows: The defendant was sentenced to a period of incarceration in the Lancaster County Prison for a period of time served and was released immediately without the necessity of

3

a parole petition. The defendant was placed on probation for a period of four months, to be served consecutive to the period of incarceration, and made subject to certain special conditions of probation relative to domestic violence offenders. The defendant was ordered to pay the costs of prosecution. Additionally, pursuant to 23 Pa.C.S.A.§6114(b), the court extended the period of the Final Protection From Abuse Order for a period of one year, thereby making the new expiration date of said Final Protection From Abuse Order on May 19, 2017. (N.T., 2/17/15, at 9-11).

## DISCUSSION

In his Statement of Errors Complained of on Appeal, Defendant asserts that the evidence presented by the Commonwealth was insufficient to prove beyond a reasonable doubt that Mr. Formica was guilty of Indirect Criminal Contempt. *See* Statement of Errors Complained of on Appeal. Defendant further asserts that his conduct of mouthing inaudible words during a court proceeding was de minimis, non-threatening and done without the required wrongful intent.[1] *Id.*

The Court's consideration of Defendant's sufficiency argument is governed by the following principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, [the Superior Court] may not weigh the evidence and substitute our judgment for the fact-finder.

---

[1] The following elements must be met to satisfy a claim of indirect criminal contempt:

> [w]here a PFA Order is involved, an indirect criminal contempt charge is designed to seek punishment for violation of the protective order... To establish indirect criminal contempt, the Commonwealth must prove: 1) the Order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the Order; 3) the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent.

Commonwealth v. Jackson, 10 A.3d 341, 346 (Pa. Super. 2010) (quoting Commonwealth v Brumbaugh, 932 A.2d 108, 110 (Pa. Super. 2007).

> In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Estepp, 17 A.3d 939, 943-44 (Pa. Super, 2011) (quoting Commonwealth v. Brooks, 7 A.3d 852, 856-57 (Pa. Super. 2010).

To preserve a claim that the evidence was insufficient, the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient, so the appellate court may analyze that element on appeal. Commonwealth v. Manley, 985 A.2d 256, 262 (Pa. Super. 2009). In the instant matter, Defendant bases his sole claim on lack of wrongful intent. *See* Statement of Errors Complained of on Appeal. It is specifically noted that Defendant failed to raise any claim regarding service and notice of the Final Protection From Abuse Order at the time of the evidentiary hearing or in his Statement of Errors Complained of on Appeal. More specifically, counsel for the defendant indicated to the court that Defendant was not raising any such challenge (N.T., 1/27/15 at 21).

It is anticipated that, in support of his current claim, Defendant will rely upon the decision of the Pennsylvania Superior Court in Commonwealth v. Haigh, 874 A.2d 1174 (Pa. Super. 2013). Any such reliance is misplaced inasmuch as the decision in Haigh is factually distinguishable from the instant case. In Haigh, the defendant and the complaining witness had been married for thirty years and, during a PFA proceeding, the defendant leaned over to the plaintiff and made a comment to the plaintiff about an ongoing major medical issue and

5

expressed a demonstration of genuine concern for the illness. The defendant in <u>Haigh</u> was restrained in shackles and, as he was being led out of the courtroom by the deputy sheriffs, he expressed concern for plaintiff's medical condition by asking, "[i]s everything all right up there?" The Superior Court held that, given the factual circumstances presented, the evidence was insufficient to sustain a conviction of indirect criminal contempt. More specifically, the Superior Court held that inasmuch as the infraction was both de minimis and non-threatening in nature, it was insufficient to establish any wrongful intent on the part of the defendant beyond a reasonable doubt.

Conversely, the instant matter presents a factual scenario quite distinct from the factual scenario presented in <u>Haigh</u>. In this matter, the defendant had previously been advised of the existence of the Final PFA Order and had the requirements of such Order thoroughly explained to him. During the January 7, 2015 hearing, while the court was discussing matters with counsel, the defendant looked directly at the victim and directed certain comments to her, albeit in a whisper. At the evidentiary hearing held before the Court on January 27, 2015, the victim testified that, during the January 7, 2015 hearing, the defendant was staring directly at her and that he said to words to her in a whisper that sounded like "Fuck you". The plaintiff further indicated that the comments she heard from the defendant caused her extreme concern inasmuch as the defendant "scares [her] to death". (N.T., 1/27/15 at 18).

At the evidentiary hearing held before the Court on January 27, 2015, Officer Joel Ayers of the Manheim Township Police Department testified that he was present in the courtroom during the evidentiary hearing on January 7, 2015. Officer Ayers testified that he observed the defendant looking at the victim during the hearing and mouthing something to the victim that

6

was not audible. He believed that the defendant appeared to be asking the victim a question such as "why" or "what". Additionally, Officer Ayers testified that the victim had immediately become very distraught and upset following the comments made to her by the defendant. Officer Ayers testified that that victim immediately began physically shaking and trembling as a result of the defendant's actions. (N.T., 1/27/15 at 10).

While the court certainly recognizes that the evidence presented by the Commonwealth is somewhat inconsistent as to the exact words which were directed to the victim by the defendant during the January 7, 2015 hearing, there is simply no doubt that the defendant was noticeably staring at the victim when he offered such commentary and that the victim immediately expressed anxiety, fear, and grave concern as a result of the unwanted actions of the defendant. Further, this Court believes that it is immaterial as to the exact words stated by the defendant. Whether the defendant made explicit comments to the victim or was merely asking the victim "why" or "what", said comments would serve no legitimate purpose and would be abusive, threatening, harassing, or intimidating in nature given the history between these individuals. The instant matter is clearly distinguishable from the factual background presented in Haigh inasmuch as the defendant did not state any words to the plaintiff that could be construed as expressing any concern for her well-being. Moreover, regardless of what was said to the plaintiff by the defendant, the defendant made contact with the plaintiff that was designed to negatively influence the plaintiff, intimidate her, or blame her for the circumstances that defendant found himself in as a result of his actions. As such, this Court has no doubt, based upon the totality of the evidence presented and upon evaluation of the credibility of the witnesses presented, that the comments made by the defendant, and actions taken by the defendant, were

7

volitional in nature and made with wrongful intent sufficient to sustain a conviction of Indirect Criminal Contempt.

Although not raised by the defendant, the Court further notes that the Commonwealth has also established beyond a reasonable doubt that Final PFA Order was definite, clear, and specific so as to leave no doubt of the conduct prohibited and that the defendant had notice of the Final PFA Order. At the hearing on January 27, 2015, by agreement of the parties, the court took judicial notice of the Final PFA Order. Said Final PFA Order specifically stated that the defendant was specifically prohibited from having any contact with the plaintiff and specifically prohibited the defendant from abusing, stalking, harassing or threatening the plaintiff. *See* Final PFA Order. Additionally, as previously referenced, the defendant had notice of the Final PFA Order in that at the time he was arrested on an unrelated Indirect Criminal Contempt charge, referenced at No. 14-0168, on December 29, 2014, Officer Joel J. Ayers of the Manheim Township Police Department verbally read the Final PFA to Defendant and provided Defendant with a written copy of the complete Final PFA Order.

In reviewing claims for sufficiency of the evidence, "the entire record must be evaluated and all evidence actually received must be considered." Estepp, 17 A.3d at 934-44. In this case, when viewing all evidence in the light most favorable to the verdict winner, sufficient evidence was presented so as to establish every necessary element beyond a reasonable doubt.

## **CONCLUSION**

For the reasons stated above, the evidence presented by the Commonwealth was sufficient to prove beyond a reasonable doubt that Defendant was guilty of the offense of Indirect Criminal Contempt. Therefore, Defendant's sentence should be affirmed.

BY THE COURT:

MERRILL M. SPAHN, JR., JUDGE

DATE: 5/21/15

ATTEST: Audrey Conrad
Deputy

cc: Craig W. Stedman, Esquire, Office of the District Attorney
Diana C. Kelleher, Esquire, Assistant Public Defender

NOTICE OF ENTRY OF ORDER OR DECREE
PURSUANT TO PA. R.C.P. NO: 236
NOTIFICATION - THE ATTACHED DOCUMENT
HAS BEEN FILED IN THIS CASE
PROTHONOTARY OF LANCASTER CO., PA
DATE: 5-21-15

9